Filed 4/30/14  Lidstrom v. Wilson-Blank CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LASSE LIDSTROM, | B245298 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BP130982) |
| STEPHANIE WILSON-BLANC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Affirmed.

_____

Best Best & Krieger, Kira L. Klatchko, and Christopher Pisano for Defendant and Appellant.

Ward & Ward, Alexandra S. Ward; Albertson & Davidson, and Keith A. Davidson for Plaintiff and Respondent.

_____

Stephanie Wilson-Blanc appeals from an order determining that the executor of her brother's estate is a beneficiary of a certain trust. We agree with the superior court's construction of the trust instrument, and we therefore affirm.

BACKGROUND

In 1983, Rudolph W. Horstman and Dorothy C. Horstman, husband and wife, executed an agreement creating the Horstman Family Revocable Trust (the Trust).[1] Rudolph and Dorothy had two children, Stephanie Wilson (now Stephanie Wilson-Blanc) and William R. Horstman. Rudolph and Dorothy were both the trustors and the original trustees of the Trust, which became irrevocable when either of them died.

Dorothy died before Rudolph. The Trust agreement provides that if Rudolph "survive[d]" Dorothy, then within one year of her death he was to "divide the trust estate into two (2) separate trusts, designated 'Trust A' and 'Trust B,'" pursuant to certain instructions.

The general provisions of the Trust agreement further provide that, "[u]nless otherwise specifically provided elsewhere herein," "[a] person shall not be considered to survive another if he or she shall die within ninety (90) days of the death of such other except that if the order of the deaths of the Trustors cannot be established by proof, or if Trustor's wife actually survives Trustor she shall be deemed to have survived Trustor." We shall refer to this provision as the "survivorship definition." The parties to the present appeal apparently agree that Rudolph survived Dorothy within the meaning of both the Trust agreement in general and the survivorship definition in particular.

Rudolph died on July 16, 2008. The Trust agreement provides that "[u]pon the death of and in the absence of appointment by the surviving spouse, the Trustee shall divide the balance of the trust estate into as many equal shares as there are children of Trustors then living and children of Trustors then deceased leaving issue then living. The Trustee shall allocate one (1) such equal share to a living child of Trustors and one (1) such equal share to each group composed of the living issue of a deceased child

---

[1]     In order to avoid confusion, we will use first names to refer to the trustors and their children. No disrespect is intended.

2

of Trustors." "Each share allocated to a living child [of Trustors] shall be distributed free of trust to such living child of Trustors."[2] We shall refer to these provisions as the "distribution provisions."

William died 78 days after Rudolph, on October 2, 2008. William's sister, Stephanie, is still living and, pursuant to the Trust agreement, is presently the sole successor trustee of the Trust.

Lasse Lidstrom is the executor of William's estate. On October 3, 2011, Lidstrom filed a petition to compel an accounting and for a preliminary distribution of Trust assets to William's estate. Lidstrom alleged that despite the passage of three years since William's death, Stephanie had not provided, and continued to refuse Lidstrom's requests for, "a full accounting with the information necessary to evaluate the share amount to which William's estate is entitled." Lidstrom further alleged that Stephanie had likewise refused to distribute any trust assets to William's estate and had "not provided any valid reason why distribution is not possible." The superior court granted Lidstrom's petition on January 24, 2012.

On March 12, 2012, Stephanie filed a petition for instructions and for reimbursement of trustee's fees and costs, including attorney fees. She contended that because William died without issue less than 90 days after Rudolph died, William is not a beneficiary of the Trust. Lidstrom filed an objection and response to the petition for instructions, as well as a petition to remove Stephanie as trustee and to suspend her as trustee pending removal.

On May 8, 2012, Stephanie filed a motion for relief under Code of Civil Procedure section 473, subdivision (b), arguing that her attorney had failed to attend the hearing on Lidstrom's original petition because of surprise or excusable neglect and that the petition should have been denied because William is not a beneficiary. On June 12, 2012, the

---

[2] The trust agreement also grants the surviving spouse a limited power of appointment concerning Trust B, which is to be exercised (if at all) through the surviving spouse's will. No party to this appeal contends that Rudolph exercised that limited power of appointment, and the record contains no evidence that he did.

superior court granted Stephanie's motion, vacated its order of January 24, 2012, and "restored to calendar" William's petition of October 3, 2011.

The superior court received further briefing from the parties and conducted a hearing on September 21, 2012. On November 1, 2012, the court entered an order determining that Lidstrom, as executor of William's estate, was a beneficiary of the Trust, and the court accordingly granted Lidstrom's petition to compel an accounting. Stephanie timely appealed.[3]

## STANDARD OF REVIEW

In the absence of extrinsic evidence, the interpretation of a trust instrument presents a pure question of law, which we review de novo. (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 944.)

## DISCUSSION

Stephanie argues that the superior court erred by determining that Lidstrom, as executor of William's estate, is a beneficiary of the Trust. We disagree.

The distribution provisions of the Trust agreement provide that when the surviving spouse dies, the balance of the Trust estate shall be distributed, in equal shares and free of trust, to the "children of Trustors then living." Both William and Stephanie were living when Rudolph died, so the balance of the Trust estate should have been distributed to them in equal shares and free of trust. The survivorship definition has no effect on that conclusion, because the distribution provisions do not refer to children who "survive" the trustors. Rather, they refer to children "then living" at the time of the surviving spouse's death. William was living when Rudolph (the surviving spouse) died, so William is a beneficiary under the distribution provisions.

---

[3] Under Probate Code section 1304, subdivision (a), "[a]ny final order under Chapter 3 (commencing with Section 17200) of Part 5 of Division 9" is appealable, subject to two exceptions. Subdivisions (a) and (b)(1) of Probate Code section 17200 provide for proceedings to "[d]etermin[e] questions of construction of a trust instrument." Because the order of November 1, 2012, determined an issue of construction of the Trust agreement, it is appealable.

4

Stephanie presents several arguments against that conclusion. We find none of them persuasive.

First, Stephanie quotes Probate Code section 21109, subdivision (a), which provides that "[a] transferee who fails to survive the transferor of an at-death transfer or until any future time required by the instrument does not take under the instrument." Stephanie apparently concludes that Lidstrom, as executor of William's estate, does not take under the Trust agreement because William did not survive until a future time required by the Trust agreement. The argument is question-begging, because it relies upon the unsupported premise that the Trust agreement required William to live at least 90 days after Rudolph died (in keeping with the survivorship definition). In any event, Probate Code section 21109 is inapplicable because it concerns only "an at-death transfer," which Probate Code section 21104 defines as limited to transfers that are revocable during the lifetime of the transferor. The Trust became irrevocable when Dorothy died, so Probate Code section 21109 does not apply.

Second, Stephanie quotes Probate Code section 21110, which provides that "if a transferee is dead when the instrument is executed, or fails or is treated as failing to survive the transferor or until a future time required by the instrument, the issue of the deceased transferee take in the transferee's place," subject to certain exceptions. Again, Stephanie apparently concludes that Lidstrom, as executor of William's estate, does not take because William did not survive until a future time required by the instrument. Again, the argument is question-begging because it relies upon the unsupported premise that the Trust agreement required William to live at least 90 days after Rudolph died. That is, the argument assumes that the survivorship definition applies to the phrase "then living" in the distribution provisions. But the truth of that assumption is precisely the issue before us, and Stephanie's argument provides no reason to believe the assumption is true.

Third, Stephanie quotes various other provisions of the Trust agreement as evidence that William was not intended to be a beneficiary unless he lived at least 90 days after the death of the surviving spouse. None of the quoted provisions, however,

5

has any tendency to show that the survivorship definition applies to the phrase "then living" in the distribution provisions.

Finally, Stephanie argues that if the survivorship definition does not apply to the phrase "then living" in the distribution provisions, then the survivorship definition would be "read[] . . . out of the Trust entirely." That is not correct. For example, the Trust agreement provides that "if either Trustor survives the other," then the trustee is to create "'Trust A'" and "'Trust B'" upon the death of the first trustor. The survivorship definition applies to the phrase "if either Trustor survives the other." But it does not apply to the phrase "then living" in the distribution provisions.

For all of the foregoing reasons, we conclude that the superior court did not err when it determined that Lidstrom, as executor of William's estate, is a beneficiary of the Trust.

DISPOSITION

The order is affirmed. Respondent shall recover costs of appeal.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

MILLER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6